TOWNSHIP OF ERWIN v. BOARD OF COUNTY ROAD COMMISSIONERS, COUNTY OF GOGEBIC.

TOWNSHIP OF BESSEMER v. SAME.

TOWNSHIP OF WAKEFIELD v. SAME.

1. STATUTES—TITLE OF ACT—CONSTITUTIONAL LAW—HIGHWAY SYSTEMS—CONSOLIDATION.
    Title of act stating purpose thereof "to authorize the consolidation of township and county road systems" is broad enough to express the single purpose of the act which is that of making one highway system out of two existing systems through absorption of the lesser by the greater (Const., art. 5, § 21, Act No. 130, Pub. Acts 1931).

2. CONSTITUTIONAL LAW—LOCAL SELF-GOVERNMENT—HIGHWAYS.
    The right of local self-government reserved under Constitution, art. 8, § 28, relates to the consent of local authorities for the use of highways within their respective jurisdictions by private parties and public utilities and, so construed, is not inconsistent with section 26 of same article.

Appeal from Gogebic; Driscoll (George O.), J. Submitted October 17, 1933. (Docket Nos. 130–132,

Calendar Nos. 37,277–37,279.) Decided December 5, 1933.

Separate bills by Townships of Erwin, Bessemer and Wakefield and their respective commissioners of highways against Board of County Road Commissioners, Gogebic County, to restrain the Board from taking over portions of township roads pursuant to Act No. 130, Pub. Acts 1931. Cases consolidated for trial. Bills dismissed. Plaintiffs appeal. Affirmed.

*Leonard J. McManman* and *Jones & Patek,* for plaintiffs.

*William F. Pellow,* for defendant.

Wiest, J. Three townships in the county of Gogebic filed bills to restrain the board of county road commissioners from taking over portions of township roads under the provisions of Act No. 130, Pub. Acts 1931. The cases were consolidated and the bills dismissed.

The legislature, by the mentioned act, provided for absorption of township highways into county road systems by taking over each year, commencing in 1932, 20 per cent. of the total township highway mileage, as ascertained and fixed by the State highway commissioner. The county road commissioners were taking action in compliance with the mentioned statute when plaintiffs filed the bills and obtained injunctions. The circuit judge held the statute constitutional and plaintiffs, by appeal, claim that the statute is void because it contravenes article 5, § 21, and article 8, § 28, of the Constitution of the State. Article 5, § 21, of the Constitution, provides that:

"No law shall embrace more than one object, which shall be expressed in its title."

The point is made that the title to the mentioned act is misleading, embraces more than one object and the act is broader than the title. The title is as follows:

"An act to authorize the consolidation of township and county road systems; to provide revenue for such purpose; to provide for the apportionment of such funds among the counties; to confer all necessary powers and duties upon county and State boards and officers; to provide limitations upon the powers of township boards and officers and to make appropriations for all such purposes."

It is claimed that abolishment of township road systems by absorption is not consolidation. The meaning sought to be attached to the term "consolidation" is too restrictive. The term is broad enough to express the purpose of making one highway system out of two existing systems and absorption of the lesser by the greater. We think the act expresses but one object, and that object is expressed in its title.

It is also claimed that the statute violates the other mentioned constitutional provision which reserves to cities, villages, and townships the reasonable control of their streets, alleys, and public places, and the act is an interference with such right of local self-government.

The townships invoke the following provision of the Constitution:

"The right of all cities, villages, and townships to the reasonable control of their streets, alleys, and public places is hereby reserved to such cities, villages, and townships." Article 8, § 28.

This is but a portion of the section and is not to be read apart from the rest, for what precedes it

is explanatory of its purpose. The first part of the section reads:

"No person, partnership, association, or corporation operating a public utility shall have the right to the use of the highways, streets, alleys, or other public places in any city, village, or township, for wires, poles, pipes, tracks, or conduits, without the consent of the duly constituted authorities of such city, village, or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village, or township."

With such inhibition it was a necessary sequence to add the mentioned provision. The section was new and in the address submitting the proposed revision it was stated:

"This is a new section and its purpose is to prevent the use of streets, alleys, highways, and public places without the consent of the local authorities first had and obtained."

Section 26 of the same article provides:

"The legislature may by general law provide for the laying out, construction, improvement, and maintenance of highways, bridges, and culverts by the State and by the counties and townships thereof and by road districts; and may authorize counties or districts to take charge and control of any highway within their limits for such purposes. The legislature may also by general law prescribe the powers and duties of boards of supervisors in relation to highways, bridges, and culverts; may provide for county and district road commissioners to be appointed or elected, with such powers and duties as may be prescribed by law; and may change and abolish the powers and duties of township commissioners and overseers of highways."

Surely the framers of the Constitution intended the two mentioned sections to be harmonious. There is no conflict if section 28 is held to the purpose stated by its framers and clearly expressed in the language employed.

The decrees are affirmed, with costs.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.